Loretta **FISCHER** and Francis **Garr, Plaintiffs/Appellants,**

v.

Michael **JOHNSON, et. al., Defendants/Respondents.**

No. ED 83765.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 24, 2004.

Thomas J. Keedy, Unionville, MO, for appellants.

Gary H. Sokolik, Perry, MO, for respondents.

SHERRI B. SULLIVAN, Chief Judge.

Loretta Fischer and Francis Garr (Appellants) appeal from the judgment entered against them on their petition for damages. Because we find Appellants' appeal to this Court is untimely, we dismiss the appeal.

Appellants filed a petition for damages against multiple defendants (Respondents). On May 5, 2003, summary judgment was entered in favor of Respondents and against Appellant Loretta Fisher. Thereafter, the parties waived their right to a jury trial and agreed to submit the cause to the trial court upon the pleadings and proof. On July 16, 2003, the trial court entered judgment against Appellant Francis Garr and in favor of Respondents. Appellants filed a timely motion for new trial, which the trial court denied on November 4, 2003. Appellants filed a notice of appeal to this Court on November 19, 2003. Respondents have filed a motion to dismiss Appellants' appeal as untimely. Appellants have not filed a response to the motion.

Under Rule 81.04(a),[1] the notice of appeal must be filed no later than 10 days after the judgment becomes final. If a party timely files an authorized after-trial motion, the judgment becomes final at the expiration of ninety (90) days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty (30) days after the entry of judgment; or (2) disposition of the motion. Rule 81.05(a).

---

1. All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.

Here, the last claims were disposed when judgment was entered on July 16, 2003. The trial court denied the after-trial motion on November 4, 2003. Accordingly, the judgment was final on November 4, 2003. Rule 81.05(a)(2)(B). Under Rule 81.04(a), Appellants' notice of appeal was due ten days after the judgment became final. Therefore, the notice of appeal was due on November 14, 2003. Appellants' notice of appeal, which was filed on November 19, 2003, is untimely under Rule 81.04(a). "Our jurisdiction depends on the timely filing of a notice of appeal and lacking that our only permissible action is to dismiss the appeal." *Moore ex rel. Moore v. Bi–State Dev. Agency*, 87 S.W.3d 279, 296 (Mo.App. E.D.2002). Therefore, we cannot review the merits of Appellants' appeal and can only dismiss their untimely appeal.

We grant Respondents' motion to dismiss and dismiss Appellants' appeal.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER, III, J., concur.